[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 309 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 310 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 311 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 312 
One of the points relied upon by the appellant's counsel to show that these marriage articles do not contain the settlement intended and agreed on by the parties is, that the power of appointment, professed to be conferred upon Mrs. Wright, is void by the provisions of the Revised Statutes, and that the estate, in the absence of issue of the marriage, must eventually go to her nephews and nieces, whatever may be her wishes in respect to the succession. If such were the effect of the instrument, I should find little difficulty in saying that it did not express her intentions; for I cannot perceive any motive which should induce her to tie up her estate and direct its succession, even upon failure of issue on her part, in a collateral line, by an irrevocable instrument executed by her while concluding a contract of marriage. But I do not see any reason for imputing such an effect to the articles. They provide, in terms, that she shall have power during coverture to appoint the estate in such proportions as she shall elect among her issue, if she shall have issue. If she have issue and do not make an appointment, then the estate is to pass to them according to the general rules of inheritance. In default of issue, she is authorized to appoint in favor of any person to whom she may wish to give the estate; and in default of issue and of an appointment, then her nephews and nieces are to take, but only in that event. These provisions are, *Page 313 
I think, perfectly legal. The appellant's counsel relied upon the eightieth section of the article relating to powers, which declares that "a general and beneficial power may be given to a married woman to dispose, during her marriage and without the consent of her husband, of lands conveyed or devised to her in fee." (1 R.S., 732.) The argument is, that Mrs. Wright did not take a fee under the articles, and that this power, being a general and beneficial one, is not within the purview of the section referred to. There are many objections to this position. In the first place, the section is an enabling and not a restrictive one. When the Revised Statutes were enacted, an absolute conveyance in fee to a married woman would annex to the land a present life estate in the husband, and an estate bycurtey, if there was issue of the marriage. It was to prevent this consequence, in case the grantor might wish to give the wife the power of disposition during the marriage, that the section was passed. Under it a wife could, even before the late law respecting married women, take a conveyance in fee to her separate use, with a power to convey to any one whom she might choose, for her own benefit; and thus a very proper marriage settlement could be made without the intervention of trustees. But there was not, in this case, any conveyance in fee to the wife, and therefore the section has no application to the plaintiff's case. Nor has the eighty-seventy section, which relates to powers over a limited estate which a married woman may have in lands, to dispose of such estate without the concurrence of her husband. But by the one hundred and tenth section the disability of coverture, in respect to the execution of powers, is completely taken away, and a married woman may, without the concurrence of her husband, execute, during coverture, any power which may be lawfully conferred upon any person, unless the instrument creating the power forbids its execution during marriage. Again, this case is not within the eightieth section before mentioned, because the power is not general *Page 314 
and beneficial. It is special, because the class of persons in whose favor it was to be executed, in a certain event, were pointed out, that is her issue. It was not beneficial for the same reason, and because her issue, in the same event, would have an interest in its execution. If the power had been general and beneficial, as the objection supposes, this question never would have arisen; for a conveyance by the husband and wife, operating by way of appointment, as to her, and by way of release, as to him, of the remainder, limited in his favor by the articles, in case of his survivorship, would have transferred a perfect title to the whole estate; and this, I understand, is what is desired by the plaintiff. The plaintiff and her husband thought proper to provide, by these articles, for the probable case of issue of the marriage, by limiting an estate in fee to such issue, to take effect in possession at the death of both the parents, qualified only by the right retained by the wife of discriminating among them by way of appointment, and by the contingency of her surviving her husband; in which latter case, as the trust and all the powers engrafted upon it would be at an end, she might dispose of the estate as she thought proper. I think, therefore, that the articles as actually executed are not repugnant to any provision of the Revised Statutes.
Nor do I see any evidence of a mistake in law, or in fact in drawing or executing the articles. The conveyancer had the most ample and authentic instructions for preparing precisely such an instrument as he did draw; for he was furnished by the plaintiff with a draft in nearly the same language, and of precisely the same legal effect, so far as the alleged mistake is concerned, as the one which was drawn and executed; and which draft was entirely in her handwriting. But it is said that this was copied by her, with the necessary variations in names, from her marriage settlement, executed in contemplation of her union with her former husband, and that by such former articles, the husband *Page 315 
and wife, with the trustees, could have conveyed a perfect title to the property. It is probably true that she prepared the draft which was left with the conveyancer, from the former articles, and it is a fair inference that she intended that the new articles should be of the same general purport. But the former articles contained a limitation in favor of the issue of the then contemplated marriage, to the same effect as that contained in the present instrument, in respect to the expected issue of the last marriage. Perhaps that limitation might have been avoided by a breach of trust on the part of the trustees, but it could not otherwise have been avoided. We are not to suppose that the plaintiff had in view such a method of undoing her settlement. The more probable, as well as the legal presumption is, that she intended both instruments to operate according to their terms, and designed that a certain provision should be secured to her issue out of her property, in the event of her dying in the lifetime of her husband.
I do not see that the nephews and nieces have any interest under these articles which is not subject to the will of the plaintiff. In default of issue of herself and husband, she is clothed with a power to appoint the estate in favor of a stranger. If the circumstances are such that issue is not now to be expected, I do not see but that a satisfactory title can be made by the husband and wife. She can convey her expectancy, which depends upon her surviving her husband, and he can release the limitation in his favor, which is to take effect upon the event of his surviving her, and her conveyance during coverture will have the effect of an appointment, which will cut off the contingent limitation in favor of the nephews and nieces. A purchaser will only incur the hazard of issue being hereafter born of the marriage. If this is so improbable as not to embarrass the transaction, there was no need of the relief which the plaintiff asks. If such is not the case, the court has no *Page 316 
power to relieve the parties from their difficulty at the expense of such possible issue.
The judgment should be affirmed.
BROWN, J., also delivered an opinion for affirmance.
All the judges concurring,
Judgment affirmed.